## Commonwealth v. Walker

*Dennis C. McAndrews, assistant district attorney,* for the Commonwealth.

*Joseph D. Branca,* for defendant.

BRADLEY, *J.,* February 10, 1993—On October 6, 1990, the defendant Joseph Walker Jr., while driving, struck and killed a pedestrian, David Lisinski. Mr. Walker immediately reported the accident to the police. The investigating officer, Thomas Bush stipulated that although Walker did not deny that he had drunk alcoholic beverages prior to the accident, Bush did not conduct any field sobriety tests nor did he believe that he had probable cause to arrest Walker for DUI. Officer Bush did request

that Walker submit to a blood-alcohol test and Walker agreed to accompany the police to Sacred Heart Medical Center where blood was drawn. Walker signed a hospital consent form at 5:10 a.m., 2 hours and 14 minutes after the incident was reported to police. Prior to his blood being drawn, he was not advised of his Miranda warnings or of his statutory right to refuse the blood test. Mr. Walker had a blood-alcohol level of 0.09 percent. Officer Bush was instructed by the District Attorney's Office not to file any criminal charges against Walker.

The estate of the deceased filed suit against Walker and sought to take his deposition. Because Walker had been advised that he would not be prosecuted, his attorney, Edward Carney, permitted Walker to be deposed on April 23, 1991, at which time he answered questions regarding his consumption of alcohol prior to the accident. Walker's deposition testimony and the results of the blood- alcohol test were presented to an expert retained by the pedestrian's estate, who concluded that Walker's blood-alcohol level at the time of the accident was 0.13 to 0.14. The attorney for the estate subsequently brought the deposition testimony and the expert's report to the district attorney's attention. Officer Bush was directed to file DUI charges against Walker and did so on January 28, 1992, 15 months after the accident.

The matter before the court was defendant's motion to bar prosecution or, in the alternative, to suppress evidence. The preliminary hearing originally scheduled for June 10, 1992, was continued pending resolution of this motion.

The threshold question is whether the court may consider this motion prior to the preliminary hearing. The Rules of Criminal Procedure provide only that a pretrial motion must be filed not later than 30 days after arraignment. They do not specifically preclude the filing

of a pretrial motion prior to arraignment. Moreover, the comment to Rule 307 states specifically:

"This rule is not intended to preclude the filing by any party of a motion prior to arraignment where circumstances necessitate such a motion and where otherwise not precluded by rule or by law."

The defendant's motion to bar prosecution was denied. However, the defendant also requested the suppression of the blood-alcohol test results. In *Commonwealth v. Danforth,* 532 Pa. 152, 615 A.2d 308 (1992), the Pennsylvania Supreme Court suppressed the test results. In *Danforth, supra,* the Supreme Court held that blood tests authorized by the implied consent law, 75 Pa.C.S. §1547(1)(2), are invalid and that defendant's consent to the taking of blood was invalid in a case factually similar to this case. The Pennsylvania Constitution, Article 1, section 8 requires a showing of probable cause before police can order a blood search. Admittedly, there was no probable cause.

The Commonwealth also contends that the blood-alcohol test results were admissible because Walker voluntarily consented to the testing. In *Danforth, supra.* the officer at the scene requested a blood sample from Ms. Danforth for analysis based solely on the severity of the accident and the occurrence of a fatality. She agreed to have a sample taken. The officer did not inform her that the blood test was part of a criminal investigation nor was she asked to sign a consent form. The same scenario occurred in the instant case except that Mr. Walker did sign a hospital consent form to withdraw blood.

The Supreme Court in *Danforth* dismissed the Commonwealth's contention that the test results were admissible because Ms. Danforth voluntarily consented to the testing, *Id.,* 532 Pa. at 158, n.1, 615 A.2d at 311, n.1, and held that the Superior Court properly concluded that

the test results were not admissible because Ms. Danforth did not knowingly and voluntarily consent to the search. *Id.,* see *Commonwealth v. Danforth,* 395 Pa. Super. 1, 576 A.2d 1013 (1990). Although Mr. Walker signed the hospital consent form, that alone does not persuade the court that he knowingly and voluntarily consented to the search. Accordingly, the test results were not admissible because Mr. Walker did not knowingly and voluntarily consent to the withdrawal of blood for testing.

In view of the similarity of factors, the results of the blood-alcohol test should be suppressed.